**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5659-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

R.F.,

    Defendant-Appellant.

_____

        Submitted February 16, 2017 — Decided April 12, 2017

        Before Judges O'Connor and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Indictment No.
        11-02-0203.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (John V. Molitor, Designated
        Counsel, on the brief).

        Gurbir S. Grewal, Bergen County Prosecutor,
        attorney for respondent (Catherine A. Foddai,
        Senior Assistant Prosecutor, of counsel and
        on the brief).

PER CURIAM

Defendant R.F. appeals from a June 4, 2015 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We have outlined the relevant facts in our prior opinion affirming defendant's conviction on direct appeal. State v. R.F., No. A-5423-11 (App. Div. Sept. 5, 2013), certif. denied, 217 N.J. 294 (2014). We need not repeat them here.

Defendant was tried before a jury and convicted of six counts of first-degree aggravated sexual assault of his daughter, in violation of N.J.S.A. 2C:14-2a(2)(a), and one count of second-degree endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4a. Defendant was sentenced to an aggregate term of thirty-four years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On appeal, defendant's period of parole supervision was reduced from thirty years to ten years.

Defendant filed a petition for PCR, and oral argument was held on May 18, 2015. The PCR judge issued a written opinion denying defendant's petition for PCR on June 4, 2015, finding defendant did not meet the Strickland/Fritz standard.[1] This appeal followed.

---

[1] Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

On appeal, defendant argues:

> POINT I: THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

Defendant's petition for PCR raised various arguments; however, on appeal, defendant focuses solely on his appellate counsel's failure to challenge remarks made by the assistant prosecutor. Defendant argues his appellate counsel was ineffective for failing to argue the assistant prosecutor engaged in misconduct during his opening statement by making remarks that deprived him of a fair trial. We disagree.

We initially observe the PCR judge's factual findings are well grounded in the evidence adduced at the hearing, and as a result, they are entitled to our deference. See State v. Locurto, 157 N.J. 463, 470-71 (1999). While a review of a claim of ineffective assistance of counsel involves matters of fact, it ultimately requires a determination of law, and "[a] trial court's interpretations of the law and the legal consequences that flow from established facts are not entitled to any special deference." State v. Harris, 181 N.J. 391, 419 (2004) (quoting Manalapan Realty v. Twp. Comm., 140 N.J. 366, 378 (1995)).

To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test: (1) counsel's performance was deficient and he or she made errors that were so egregious

counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698; Fritz, supra, 105 N.J. at 52.

Under the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. We must determine whether the acts or omissions of counsel "were outside the wide range of professionally competent assistance." Ibid. Adequate assistance of counsel must be measured by a standard of "reasonable competence." State v. Jack, 144 N.J. 240, 248 (1996) (citing Fritz, supra, 105 N.J. at 53).

Under the second prong of Strickland, the defendant must prove prejudice. Fritz, supra, 105 N.J. at 52. The defendant must show a "reasonable probability" counsel's deficient performance affected the outcome of the proceeding. Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Ibid.

We review defendant's claims of ineffective assistance of appellate counsel under the same standard as claims of ineffective assistance of trial counsel. See State v. Morrison, 215 N.J. Super. 540, 545-46 (App. Div. 1987) (noting "due process guarantees a criminal defendant effective assistance of counsel on a first appeal as of right" (citing Evitts v. Lucey, 459 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985))). We also note "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, supra, 446 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. at 693).

Prosecutorial misconduct may be grounds for reversal "where the prosecutor's misconduct was so egregious that it deprived the defendant of a fair trial." State v. Frost, 158 N.J. 76, 83 (1999) (citing State v. Ramseur, 106 N.J. 123, 322 (1987)). We "must take into account the tenor of the trial and the degree of responsiveness of both counsel and the court to improprieties when they occurred." State v. Marshall, 123 N.J. 1, 153 (1991). We consider "(1) whether defense counsel made timely and proper objections to the improper remarks; (2) whether the remarks were withdrawn promptly; and (3) whether the court ordered the remarks stricken from the record and instructed the jury to disregard them." Frost, supra, 158 N.J. at 83. If defense counsel failed

5                                                          A-5659-14T1

to object, we find "defense counsel did not believe the remarks were prejudicial at the time they were made." Id. at 84.

Defendant argues three comments made during the prosecutor's opening statement constituted misconduct and his appellate counsel was ineffective for failing to challenge the statements on appeal. First, the prosecutor informed the jury the victim was defendant's daughter and identified the victim's mother sitting in the front row of the courtroom. Trial counsel immediately objected and was heard at sidebar. Trial counsel did not ask for an instruction but asked the prosecutor not to refer to the victim's mother again. Defendant offers no reason why appellate counsel was ineffective for failing to raise this issue on appeal. The trial judge told the prosecutor not to refer to the victim's mother or her family, and the prosecutor agreed. Because trial counsel objected timely and the trial judge instructed the prosecutor to not refer to the victim's family any further, appellate counsel did not render ineffective assistance of counsel by not raising an unsuccessful legal argument on appeal. See Worlock, supra, 117 N.J. at 625.

Second, defendant takes issue with the prosecutor's remarks concerning the victim's testimony and credibility. Specifically, the prosecutor stated,

> What if . . . Judge Guida said to you when you stand up and tell us about yourself, tell us about your very first sexual

experience. Tell us about where it was and when it was. Share it with all of us. How would you feel?

Well I submit to you now that's how [the victim] feels so when you consider her testimony, ladies and gentlemen, I ask you to consider her credibility because ultimately that is the issue before you.

At the conclusion of the prosecutor's opening statement, defense counsel objected, arguing the prosecutor asked the jury to "put themselves in the place of the alleged victim," and requested a mistrial. The judge denied a mistrial but instructed the jury at the end of the trial on credibility. As before, trial counsel timely objected, and the trial judge determined an instruction on credibility would address any prejudice. Nothing in the record supports the argument appellate counsel was ineffective for not raising the issue. Moreover, the remark did not deprive defendant of a fair trial.

Last, defendant asserts the prosecutor engaged in misconduct because he stated the victim has no reason to lie. The prosecutor told the jury, "[T]he evidence will show, [the victim] has absolutely no reason or motive to lie." At trial, defense counsel did not object. As previously stated, when trial counsel fails to object, it suggests trial counsel "did not believe the remarks were prejudicial at the time they were made." Frost, supra, 158 N.J. at 84. By failing to object at trial, it deprives the court

of the "opportunity to take curative action." Ibid. (citing State v. Bauman, 298 N.J. Super. 176, 207 (App. Div.), certif. denied, 150 N.J. 25 (1997)).

It is improper for a prosecutor to argue its witness has no motive to lie. See State v. R.B., 183 N.J. 308, 331-34 (2005). However, it is not "plain error" for the court to allow the prosecutor to assert the victim did not have a motive to lie. Additionally, the comment, standing alone, does not require a new trial. See id. at 333. "Generally, if no objection was made to the improper remarks, the remarks will not be deemed prejudicial." State v. Timmendequas, 161 N.J. 515, 576 (1999), cert. denied, 534 U.S. 858, 122 S. Ct. 136, 151 L. Ed. 2d 89 (2001). Counsel's lack of a timely objection suggests "defense counsel did not believe the remarks were prejudicial at the time they were made." Ibid. We are satisfied that this comment had no effect on the outcome of defendant's trial and did not amount to plain error. We find the prosecutor's remarks, individually and in combination, did not deprive defendant of a fair trial nor was his appellate counsel ineffective for failing to raise these issues on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5659-14T1